RENDERED:  JULY 17, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0017-MR

MICHAEL LEE CRISP                                    APPELLANT

APPEAL FROM FLOYD CIRCUIT COURT
v.        HONORABLE JOHNNY RAY HARRIS, JUDGE
CASE NO. 88-CR-00114

COMMONWEALTH OF KENTUCKY                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CETRULO AND KAREM, JUDGES.

KAREM, JUDGE:  Michael Lee Crisp appeals from the Floyd Circuit Court's

denial of his motion made pursuant to Kentucky Rules of Civil Procedure (CR)

60.02.  Crisp, who received a life sentence for murder in 1989, argues that his

sentence is no longer equitable.  Upon careful review, we affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

In 1989, a jury found Crisp guilty of the murder of Ricky Hall. In affirming the conviction on direct appeal, the Kentucky Supreme Court observed that the victim "died as a result of more than thirty slash and stab wounds to virtually every part of his body. Without detailing the evidence heard by the jury, it is sufficient to say that the evidence of appellant's guilt was overwhelming." *Crisp v. Commonwealth*, No. 1989-SC-0580-MR (Ky. Sep. 6, 1990). Crisp was sentenced to life in prison.

On August 13, 1993, Crisp, acting *pro se*, filed a motion pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42, claiming ineffective assistance of trial counsel. He simultaneously moved to hold the motion in abeyance, pending a decision on another motion (not included in the record) for the production of records. The circuit court appointed counsel to represent Crisp. The attorney passed away, and the court ordered the appointment of replacement counsel. The record does not show whether replacement counsel was appointed or whether the first RCr 11.42 motion was ever taken out of abeyance.

In 1997, Crisp, acting *pro se*, filed his second RCr 11.42 motion. The motion raised an additional allegation that Crisp's trial counsel had been ineffective for not objecting that he had been erroneously charged with murder as a Class A felony, rather than a capital offense. Crisp was appointed counsel who

filed a supplement to the motion. The circuit court denied the motion as untimely.

Crisp appealed. This Court determined that the second RCr 11.42 motion was not

successful because there was no final disposition of the first RCr 11.42 motion.[1]

In its opinion, *Crisp v. Commonwealth*, No. 2000-CA-000945-MR (Ky. App. Mar.

29, 2002), the Court acknowledged that the indictment charging Crisp with murder

erroneously identified the charge as a "Class A Felony," whereas murder is a

capital offense. *See* Kentucky Revised Statute (KRS) 507.020(2). The Court

concluded that the failure to raise the issue was not ineffective assistance of

counsel, however, because Crisp did not suffer prejudice as a result of the error.

The opinion states in pertinent part as follows:

> Sentencing for a capital offense is set forth in KRS 532.030(1). Under the version of KRS 532.030(1) in effect at the time of Crisp's conviction, there were four possible penalties for the capital offense of intentional murder: death, life without parole or probation for 25 years, life, or a term of not less than 20 years.
>
> Pursuant to KRS 532.030(2), the authorized sentence for a Class A felony is set forth in KRS 532.060. Pursuant to the version of KRS 532.060(2)(a) in effect at the time of Crisp's trial, the authorized sentence for a Class A felony was "not less than twenty (20) years nor more than life imprisonment[.]" Consistent with sentencing under KRS 532.060(2)(a), the

---

[1] Crisp contends that this Court, in its 2002 opinion, should also have considered the issues raised in the 1993 RCr 11.42 motion, but it is axiomatic that we are not able to address issues not first considered by the trial court. "The Court of Appeals is without authority to review issues not raised in or decided by the trial court." *Regional Jail Authority v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989).

jury instruction permitted the jury to sentence Crisp to "confinement in the penitentiary for twenty (20) years or more, or for life, at your discretion."

It was not deficient performance and was sound trial strategy for trial counsel to choose not to raise this issue, because sentencing under KRS 532.030(1) would have provided for harsher sentencing; namely, life without the possibility of parole for twenty-five years. Crisp would have received no benefit by being sentenced pursuant to KRS 532.030(1). Further, Crisp was not prejudiced by being sentenced under KRS 532.060(2)(a) because the statute did not permit a harsher sentence than sentencing under KRS 532.030(1). In summary, there is not a reasonable probability that if Crisp had been sentenced under KRS 532.030(1) he would have received a sentence of less than life imprisonment.

In support of his argument that he received ineffective assistance because defense counsel did not object to sentencing under KRS 532.060(2)(a), Crisp cites us to *Offut v. Commonwealth*, Ky., 799 S.W.2d 815 (1990). *Offut* held that even if a defendant acquiesces in the indictment's erroneous classification charging murder as a Class A felony, the defendant cannot be sentenced for murder under the Class A felony statute. Unlike in this case, in *Offut*, a benefit accrued to the defendant by being sentenced under KRS 532.030(1) rather than KRS 532.060(2)(a); namely, at the time of *Offut*, due to a legislative anomaly, a sentence could be enhanced under the persistent felony offender statute for a Class A felony, but could not be so enhanced for a capital offense. That anomaly is not at issue in this case, however. While there was potential prejudice to the defendant in *Offut*, Crisp did not suffer prejudice. An additional legislative anomaly during this time that arose in *Offut* concerned parole eligibility. That issue is likewise not relevant in this case.

Further, *Offut* was rendered subsequent to Crisp's conviction and "[f]ailure to anticipate correctly a future ruling of the court does not present an ineffective assistance claim." *Sanborn v. Commonwealth*, 975 S.W.2d 905, 913 (Ky. 1998).

Crisp states that over the next twenty years, he filed numerous petitions for writs of habeas corpus and discretionary review in state and federal courts. They were all summarily denied. Crisp also contacted the Kentucky Innocence Project (KIP), which obtained his file from the Kentucky State Police in order to perform DNA testing on the physical evidence in the case. KIP discovered that all the physical evidence in the case had been destroyed in 1990.

The present appeal stems from the unfavorable outcome of a parole hearing, held virtually in July 2021. Following the hearing, the Parole Board made a final decision that Crisp would receive a serve-out of his sentence, which means he will remain in prison for the rest of his life without further possibility of parole. Crisp requested reconsideration, arguing the hearing was inadequate because he was not in a private enclosed area; the laptop he was using malfunctioned, causing him to struggle to hear and communicate with the Board; and the proceeding was interrupted several times by staff bringing in lunch and asking unrelated questions. His request was denied without explanation.

On April 13, 2022, Crisp filed a motion, *pro se*, pursuant to CR 60.02, arguing that the serve-out was arbitrary and unfairly altered his sentence to life

without parole.  He asked the court to resentence him because it was no longer equitable that the judgment have prospective application.  The motion was held in abeyance pending the resolution of an appeal then before the Kentucky Supreme Court, which addressed whether the Parole Board had the authority to issue serve-outs on life sentences and whether doing so violated the separation of powers doctrine.  The Supreme Court concluded that the legislature does permit the Board to issue serve-outs to inmates serving a life sentence.  *Conn v. Kentucky Parole Board*, 701 S.W.3d 76, 85 (Ky. 2024), *reh'g denied* (Aug. 22, 2024).

Meanwhile, Crisp filed a second CR 60.02 motion in June 2023, arguing that regardless how the Supreme Court ruled in *Conn*, his case presented extraordinary circumstances that required resentencing – namely, that his offense was improperly prosecuted and sentenced as a Class A felony.  He sought a sentence of fifty years under the truth-in-sentencing statute that operated in 1988.  He later submitted a supplement to his motion requesting, in the alternative, a re-sentencing hearing.

The circuit court summarily denied the motion and this appeal followed.

## STANDARD OF REVIEW

We review the denial of a CR 60.02 motion for abuse of discretion.  *Young v. Richardson*, 267 S.W.3d 690, 697-98 (Ky. App. 2008).  The test for

abuse of discretion is whether the circuit court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted). Absent a "flagrant miscarriage of justice[,]" we will affirm the trial court. *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983).

## ANALYSIS

Crisp argues that the trial court erred in denying his motion because (1) the court had jurisdiction to address the motion; (2) the motion was filed within a reasonable time as required under CR 60.02(e) and (f); (3) the prosecution of the offense of murder as a Class A felony is no longer harmless or equitable; and (4) the "unique culmination of errors and deficiencies" in his case have resulted in manifest injustice. The circuit court's order does not, however, specify the grounds for denial. We are permitted to affirm the trial court "for any reason supported by the record." *McCloud v. Commonwealth*, 286 S.W.3d 780, 786 n.19 (Ky. 2009). We affirm on the grounds that the motion was impermissibly successive and lacking in substantive merit.

It is axiomatic that "CR 60.02 was never meant to be used as just another vehicle to revisit issues that should have been included or could have been included in prior requests for relief. Nor is it intended to be used as a method of gaining yet another chance to relitigate previously determined issues." *Foley v.*

*Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014) (citation omitted). "[A] defendant is precluded from raising claims [under CR 60.02] which were, or reasonably could have been, raised in prior proceedings." *Berry v. Commonwealth*, 624 S.W.3d 119, 121 (Ky. App. 2021). The fact that Crisp was charged with a Class A felony rather than a capital offense was an issue that could have been raised on direct appeal. It was raised and addressed by this Court on appeal from the denial of his RCr 11.42 motion. It was raised by Crisp in his second CR 60.02 motion, which he filed while his first CR 60.02 motion, which also raised the issue, was being held in abeyance pending the resolution of the *Conn* appeal. As discussed below, Crisp has not alleged facts that would justify overlooking these serious procedural errors.

"The burden of proof in a CR 60.02 proceeding falls squarely on the movant to affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief." *Foley*, 425 S.W.3d at 885 (internal quotation marks and citations omitted). Crisp contends that at the time of his conviction in 1989, Kentucky did not provide for a sentence of punishment of life without parole. He contends that life without parole was created by statute in 1998, as a lesser alternative to a death sentence, and is only authorized by the statute for aggravated offenses that are eligible for the death penalty. But Crisp did not receive a sentence of life without the possibility of

-8-

parole. He was eligible for parole; was considered for parole after serving twelve years; and was considered for parole on five occasions after that. At his last hearing, he was given a serve-out, which was fully within the authority of the Board, as confirmed in *Conn*.

Crisp argues that at the time of his prosecution, the Parole Board did not "claim any authority" to issue serve-outs on life sentences. But that does not mean it was illegal for the Board to issue serve-outs, and it regularly did so, as evidenced by the circumstances of the four appellants in the *Conn* case. *Conn* simply affirmed that the Board did not violate the separation of powers doctrine when it issued serve-outs, observing that "[b]ecause a serve-out makes no alteration to the judicially-imposed sentence itself, the Board does not encroach upon the court's exclusive authority to set defendant's sentence[.]" *Conn*, 701 S.W.3d at 79.

## CONCLUSION

For the foregoing reasons, the order denying Crisp's CR 60.02 motion is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Sarah E. Smalley
Assistant Public Advocate
Frankfort, Kentucky

BRIEF FOR APPELLEE

Russell Coleman
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky